UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| A.A. & ASSOCIATES, INC. | ) | Case No. 08-34148 |
| Debtor | ) | Chapter 7 |
| | ) | |
| _____ | | |

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Reconsider filed by Christine Timmonds ("Timmonds"). To provide some background, the Court will recite a brief chronology of this Chapter 11 case.

### FACTS

1. The debtor, A.A. & Associates, Inc., filed a voluntary Chapter 11 petition on September 22, 2008.

2. On October 7, 2008, Timmonds filed an unsecured claim for $345,600.00. She stated the basis for the claim as a "Defamation Law Suit."

3. On December 3, 2008, the debtor objected to Timmonds' claim, asserting that the claim constituted a "fake declaration, per 18 U.S.C. § 152(3)." The debtor subsequently amended its objection to state that the claim constituted a "false declaration, per 18 U.S.C. § 152(3)."

4. Timmonds opposed the claim objection and Court scheduled a hearing on the objection for January 20, 2009.

5. After hearing arguments on January 20, 2009, the Court continued the matter to March 3, 2009.

6. On March 2, 2009, the debtor filed its small business plan of reorganization. The Court scheduled confirmation for April 7, 2009, and later re-scheduled to June 2, 2009.

7. At the hearing on March 3, 2009, the Court, at the request of the parties, again continued the case until March 17, 2009.

8. Neither Timmonds nor her counsel, Brian Curtis ("Curtis"), appeared at the hearing on

March 17, 2009. Rather than sustain the debtor's claim objection at that time, the Court elected to continue the to May 19, 2009.

9. At the May 19, 2009 hearing, again neither Timmonds nor Curtis appeared. Consequently, due to the failure to appear at two scheduled hearings for which Timmonds and Curtis both properly noticed, the Court concluded that Timmonds abandoned her opposition to the debtor's claim objection.

10. On May 20, 2009, the Court entered an order disallowing Timmonds' claim.

11. On May 27, 2009, Timmonds filed the Motion to Reconsider currently before the Court. In that motion, Timmonds' counsel, Brian Curtis, stated that he erroneously believed that the Court had moved the May 19 court date to the June confirmation date. Consequently, he struck the May 19 hearing date from his calendar. Curtis did not address his previous failure to attend the March 17, 2009 hearing date. The Court set the Motion to Reconsider for hearing on June 2, 2009, to be heard with confirmation of the debtor's plan of reorganization.

12. At the hearing on June 2, 2009, the Court, without objection, confirmed the debtor's plan of reorganization. With respect to the Motion to Reconsider, the Court gave Timmonds up to and including June 26, 2009, to proffer any proof of damages supporting her claim, and the debtor was given until July 24, 2009 to file a response.

## CONCLUSIONS OF LAW

Although Timmonds does not cite any procedural rule in support of her Motion to Reconsider, the Court can only surmise that she is seeking relief from a judgment under Rule 9024 of the Federal Rules of Bankruptcy Procedure. Bankruptcy Rule 9024 makes Fed. R. Civ. P. 60 applicable to cases under the Bankruptcy Code, with certain exceptions not relevant here. Rule 60 of the Federal Rules of Civil Procedure provides in part:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;

Where Rule 60(b) is invoked to set aside a default judgment, a court is directed to consider three equitable factors to find "good cause" for setting aside default entries: (1) whether plaintiff will be prejudiced if the judgment is vacated; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983). As explained by the Sixth Circuit, the party seeking to vacate the default judgment "must demonstrate first and foremost that the default did not result from his culpable conduct." Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir.2002). A court must consider the other two United Coin Meter factors only if the moving party makes this showing. Id. Here, Timmonds only basis for setting aside the order disallowing her claim is that her counsel mistakenly mis-calendared the May hearing date. As set forth above, this explanation completely fails to address the previous missed March hearing date. Failing to read or understand the order rescheduling the hearing on the claim objection does not qualify as non-culpable conduct justifying relief from an order. Timmonds failure to show non-culpable conduct, makes it unnecessary to analyze the other two United Coin Meter factors.

Even under the non-default situation, the failure to read and comprehend the plain language of a court's order can never constitute excusable neglect under the standard set forth by the Supreme Court in Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 389 (1993). In Pioneer, the Supreme Court listed several factors to be considered, including: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the late party; and (5) whether the late party acted in good faith. Id. at 395. Here, even though the delay may have been minimal, the prejudice to the debtor is substantial. The debtor has now had its plan of reorganization confirmed, without objection. Setting aside the order disallowing Timmonds claim could undermine that plan from its inception. Both the third and fourth factors mitigate against setting aside the order sustaining the claim objection. The reason for the missed hearing was simple carelessness on the part of Timmonds counsel. See, e.g., In re Mizisn, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994) ("Misunderstanding of the Bankruptcy Code and Rules

and heavy workload of counsel do not constitute excusable neglect."); Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir.1994) (applying Pioneer to hold that lawyer's miscalculation of time in which notice of appeal must be filed did not constitute excusable neglect); Prizevoits v. Indiana Bell Telephone Co., 76 F.3d 132, 133 (7th Cir.1996) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."). While the Court has no reason to believe Timmonds has not acted in good faith, this by itself does not support setting aside the Court's order.

Finally, although the Court need address the proffer on damages, the Court notes that given the opportunity to proffer proof, Timmonds' estimation of damages appears completely speculative, to wit: she failed to submit any copies of medical bills, proof of lost wages, or proof of court costs from the state court litigation. Nevertheless, the merits or lack of merits of her claim does not compel the Court to reconsider its order disallowing her claim. As stated above, this Court set two hearings on the objection to claim and neither Timmonds nor her counsel appeared at either hearing. Nothing is presented in the motion to reconsider or the proffered proof which would cause this Court to reconsider its prior order disallowing the claim. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

David T. Stosberg
United States Bankruptcy Judge

Dated: August 7, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| A.A. & ASSOCIATES, INC. | )   Case No. 08-34148 |
|       Debtor | )   Chapter 7 |
| | ) |

**ORDER**

Pursuant to the Court's Memorandum Opinion entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

It is hereby **ORDERED** that the Motion to Reconsider is **DENIED**.

_____
David T. Stosberg
United States Bankruptcy Judge

Dated: August 7, 2009